IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**BLUE CROSS BLUE SHIELD OF ALABAMA,**

      **Plaintiff,**

   **v.**                                                **CIVIL ACTION NO. 2:06cv269**

**SPOTSWOOD STUTZ,** *et. al.***,**

      **Defendants.**

*MEMORANDUM OPINION AND ORDER*

On May 30, 2006, this Court conducted a hearing on Blue Cross Blue Shield of Alabama's ("Plaintiff") Motion for Preliminary Injunction filed against Spotswood Stutz ("Stutz"), Robert Mills ("Mills"), and Rutter Mills, LLP ("Rutter Mills") (collectively, "Defendants"). After considering the briefs and arguments made on behalf of each party, the Court ruled from the bench that Plaintiff failed to make a "clear showing" of irreparable injury absent preliminary injunctive relief. *See Dan River, Inc. v. Icahn*, 701 F.2d 278, 284 (4th Cir. 1983) (The requirement that the "clear showing" of irreparable harm to be suffered by the movant from a denial of the relief must be both "actual" and "immediate"). Accordingly, the Court **DENIED** Plaintiff's Motion for Preliminary Injunction. However, still before the Court is Defendant's Motion to Dismiss Plaintiff's Verified Complaint. Having considered the briefs of both parties, Defendant's Motion to Dismiss is **DENIED**, as to the claim for the Enforcement of the Terms of the Plan. However, the claims of Tortious Interference with Contractual Relations and Conversion against Defendants Mills and Rutter Mills are **DISMISSED**.

## I.  FACTUAL AND PROCEDURAL HISTORY

Stutz is covered under the terms of the International Paper Preferred Provider Organization Medical Plan ("Plan").  Because of injuries sustained in a personal injury accident that occurred on June 29, 2002, the Plaintiff, as a fiduciary of the Plan, paid $52,263.78 in medical benefits on behalf of Stutz.  In February 2006, Stutz settled his claims with the parties responsible for his injuries, with a payment of $25,000 in liability coverage and $390,000 of under insured motorist coverage, for a combined amount of $415,000.  The Plan contains "Right of Reimbursement" and "Right to Recovery" provisions that requires Stutz to reimburse the Plan, to the extent of medical benefits paid when a recovery is received from other parties.  Plaintiff has requested that Defendants abide by the terms of the Plan and reimburse Plaintiff in the amount of $52,263.78.  However, Plaintiff contends that Defendants have failed to do so.

On May 17, 2006, along with Motions for Temporary Restraining Order ("TRO") and Preliminary Injunction, Plaintiff filed a Verified Complaint to enforce the terms of the International Paper Preferred Provider Organization Medical Plan (the "Plan"), pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq.  The Court granted the TRO.[1]  On May 26, 2006, Defendants filed a Motion to Dismiss the Verified Complaint pursuant to 12(b)(6), and Motions to Dissolve the TRO, Deny the Preliminary

---

[1] Plaintiff purposefully failed to inform the Court that Defendants, in an effort to resolve the dispute, had already filed a Petition to Apportion Settlement Funds in the Circuit Court for the City of Norfolk.  Had the Court been informed of this fact, the TRO would not have been issued.  The Court addresses its concern with this matter, *infra*.  After filing the Verified Complaint and Motions for TRO and Preliminary Injunction with this Court, on May 18, 2006 Plaintiff filed a Petition to Intervene and Motion to Stay the proceedings in the Circuit Court.  In that Petition, Plaintiff asserts that because the matter relates to an ERISA plan, proper jurisdiction for deciding the distribution of the settlement proceeds lies exclusively with the district court, pursuant to 28 U.S.C. § 1331.

Injunction, and Award Attorneys Fees and Costs, pursuant to Federal Rules of Civil Procedure Rule 12(f), Rule 65(b), and Rule 11(b) and (c).  On May 26, 2006, Plaintiff filed a Motion to Supplement the Record.[2]  On May 30, 2006, Plaintiff filed a response to Defendant's Motion to Dismiss.

After a hearing conducted on May 30, 2006, the TRO, by its terms, dissolved. Additionally, upon the Court's denial of Plaintiff's Motion for Preliminary Injunction, the Court addressed Defendant's Motion to Dismiss the Verified Complaint.  After arguments by both parties, Plaintiff conceded to a dismissal of the Tortious Interference with Contractual Relations claim and Conversion claim against Defendants Mills and Rutter Mills.  Therefore, left before the Court, is Plaintiff's claim for Enforcement of the Terms of the Plan, pursuant to 29 U.S.C. § 1132(a)(3).  Accordingly, the Court will analyze only Defendants' Motion to Dismiss the enforcement claim.  This matter is now ripe for determination by the Court.

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A court will grant a motion to dismiss if "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Adams v. Bain*, 697 F.2d 1213, 1216 (4th Cir. 1982) (quoting *Johnson v. Mueller*, 415 F.2d 354, 355 (4th Cir.1969)).  A court reviewing a motion to dismiss relies solely upon the complaint's allegations and those documents attached as exhibits or incorporated by reference. *Simons v. Montgomery County Police Officers*,

---

[2] The Court's ruling on the Preliminary Injunction makes the Motion to Supplement the Record **MOOT**.

762 F.2d 30, 31 (4th Cir. 1985). In a motion to dismiss, the court considers the facts in the light most favorable to the plaintiff, and assumes that the facts alleged in the plaintiff's complaint are true. *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 229 (4th Cir. 2004) (citing *Mylan Lab., Inc. v. Matkari*, 7 F.3d 1130, 1134 n.4 (4th Cir.1993)).

### III. DISCUSSION

**A.     Enforcement of the Terms of the Plan**

Defendants move for dismissal of Plaintiff's Verified Complaint on the grounds that the complaint fails to allege that the Plan is a self funded plan as opposed to an insured plan to which the federal doctrine of preemption would not apply. In response, Plaintiff alleges that it adequately states in the complaint that the Plan is self funded, as thus governed by ERISA. Specifically, Plaintiff asserts that throughout the complaint it is made clear that it is alleging that the Plan is a fully self funded Plan governed by ERISA. The Court finds merit in Plaintiff's assertion.

Plaintiff is bringing this action pursuant to ERISA's civil enforcement section, § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), which provides that:

> A civil action may be brought by a participant, beneficiary, or *fiduciary* (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (I) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan

29 U.S.C. § 1132(a)(3) (emphasis added). The district courts have exclusive jurisdiction over actions brought under the civil enforcement section. 29 U.S.C. § 1122(e)(1).

In this case, Plaintiff first alleges that it is a fiduciary of the Plan. Second, Plaintiff asserts that Defendants, by refusing to reimburse the Plan to the extent of benefits paid on Stutz'

behalf, have violated the Plan's term. Finally, because of Defendants actions, the Plan seeks relief under ERISA's civil enforcement provision, 29 U.S.C. § 1132(a)(3). At this juncture, the dispute between the parties is whether Plaintiff has alleged that the Plan, as a fiduciary, is a self funded ERISA Plan that can benefit from the civil enforcement provision and the exclusive jurisdiction of this Court. The Court finds that, based on the pleadings, the Plaintiff has adequately alleged that ERISA is a self funded plan covered under ERISA.

As well established, the Court must view the facts in the light most favorable to the Plaintiffs. *See Conley v. Gibson*, 355 U.S. 41 (1957). Additionally, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*. at 45-46. In the complaint Plaintiff alleges that the claim is to enforce provisions of the Plan arising under ERISA. Although Plaintiff does not specifically allege that the fund is a self funded plan, which would receive the receive the benefits of the ERISA civil enforcement provision, the Plaintiff does state that the plan arises under ERISA. The Court finds this statement adequate to state the claim. Even more telling, the summary plan documentation attached as an exhibit to the complaint clearly states that the Plan is self funded. *See* FED. R. CIV. P. 10(c) (the court may consider any written instrument attached to the complaint as an exhibit or any statements or documents incorporated in it by reference as part of the pleading); *Devnew v. Brown & Brown, Inc.*, 396 F. Supp. 2d 665, 669 (E.D.Va. 2005); *In Re Dunes Hotel Associates*, 194 B.R. 967, 992 (Bankr.D.S.C. 1995) ("[w]hen determining a Rule 12(b)(6) motion, the court is not limited to factual allegations in the complaint. The Court may also look to documents attached to the complaint as exhibits"). Although Defendants argue that the Plan is not self funded, until such

motion is filed to show that a genuine issue of material fact exist as to this issue, the Court must liberally construe Plaintiffs allegations and take them as true. *See McNair*, 95 F.3d at 327. Accordingly, the Defendants' Motion to Dismiss the claim on Enforcement of the Plan is **DENIED**.

**B.**     **Sanctions**

"Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Anderson v. Dunn*, 6 Wheat. 204, 227, 5 L.Ed. 242 (1821). These powers are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962). While this power "ought to be exercised with great caution," it is nevertheless "incidental to all Courts." *Id*. Indeed, "[t]here are ample grounds for recognizing . . . that in narrowly defined circumstances federal courts have inherent power to assess attorney's fees against counsel," *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765, (1980), even though the so-called "American Rule" prohibits fee shifting in most cases. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 (1975).

If a court finds "that fraud has been practiced upon it, or that the very temple of justice has been defiled," it may assess attorney's fees against the responsible party, *Universal Oil Prods. Co. v. Root Refining Co.*, 328 U.S. 575, 580 (1946), as it may when a party "shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order," *Hutto v. Finney*, 437 U.S. 678, 689 n.14. The imposition of sanctions in this instance transcends a court's equitable power concerning relations between the parties and reaches a court's inherent

power to police itself, thus serving the dual purpose of "vindicat[ing] judicial authority without resort to the more drastic sanctions available for contempt of court and mak[ing] the prevailing party whole for expenses caused by his opponent's obstinacy." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991) ( internal citations omitted).

In this case, Plaintiff's Counsel Todd M. Gaynor ("Counsel"), filed a Verified Complaint that included claims of Tortious Interference with Contractual Relations and Conversion against Defendants Mills and Rutter Mills. The Court finds that these claims were made against the aforementioned Defendants wholly without basis and without proper grounds, as evidenced by Counsel's concessions to the Court.

Before filing a complaint, an attorney has a duty to insure that the claims it is making are well founded and are not made in haste or without proper investigation. *See East Way Const. Corp. v. City of New York,* 762 F.2d 243, 253 (Rule 11"explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the validity of a pleading before it is signed."). Although the rule does not seek to stifle the spirt of advocacy or require that the claim be proven before filed, it does attempt to discourage needless filing of groundless claims. Accordingly, to fulfill this duty an attorney must investigate the facts, examine the law, and then decide whether the complaint is justified. In this case, Counsel simply failed to fulfill this duty at the expense of a fellow attorney's reputation and integrity.

Although, Counsel contends that he was forced to make these allegations against Defendants Mills and Rutter Mills because Mills failed to inform him of the amount of money being held in escrow, based on the evidence and arguments presented at the hearing, the Court finds no justification in Counsel's actions. At the hearing, the Court became aware that Counsel knew that Defendants had filed the petition in the state court, but he did not make inquiries or

7

requests of Mills about the whereabouts of the money, whether the money was being held in escrow, or even the amount that was being held. Instead, Counsel filed unfounded claims with the Court, wasting both judicial time and resources, and unjustly stamping Defendants Mills and Rutter Mills with scarlet letter type claims. The Court finds this reprehensible, especially given the nature of the allegations and the consequences that such allegations have on the parties involved. Further, the Court finds Counsel's action even more unwarranted because he and Mills had litigated prior cases where Plaintiff's liens were resolved in state court.

In addition to these actions, Counsel disingenuously presented the Court with a Motion for TRO without fully disclosing essentially facts that would have been necessary to the Court's final determination, namely that there was a pending state petition for apportioning the funds filed by Defendants to resolve the matter. Instead, Counsel chose to conceal this fact, in an effort to gain a favorable ruling from the Court. The Court, without being presented with the full picture, did rule in Counsel's favor. In essence, Counsel's actions deceived the Court. Thus, the Court finds Counsel's actions in bad faith and utterly lacking in professionalism. As a custodian for the ethical nature in which attorneys must present themselves before courts of law, this Court cannot ignore such blatant and unprofessional acts. Accordingly, the Court **ORDERS** that sanctions be imposed on Counsel in the form of awarding attorneys' fees to Defendants Mills and Rutter Mills associated with defending the claims of Tortious Interference with Contractual Relations and Conversion. *See Alaska*, 421 U.S. at 258-59 (quoting *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 129 (1974)) (a court may assess attorney's fees when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons."). Further, the Court imposes a monetary penalty on Counsel.

## IV. CONCLUSION

For the reasons outlined above, the Defendants' Motion to Dismiss is **DENIED**, as to the claim for the Enforcement of the Terms of the Plan. However, the claims of Tortious Interference with Contractual Relations and Conversion against Defendants Mills and Rutter Mills are **DISMISSED**. Additionally, the Court **ORDERS** that sanctions shall be imposed on Todd M. Gaynor in the form of awarding attorneys' fees to Defendants Mills and Rutter Mills associated with defending the claims of Tortious Interference with Contractual Relations and Conversion. Defendants Mills and Rutter Mills shall present a petition for reasonable attorneys' fees to the Court within ten (10) days of the date of this Order. Moreover, Todd M. Gaynor shall pay a fine of $ 2,500.00 to the Clerk of the United States District Court for the Eastern District of Virginia within ten (10) days of the date of this Order.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to the parties.

**IT IS SO ORDERED**.

_____/s/_____
Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
June    2, 2006